S05Y1666, S05Y1667, S05Y1668, S05Y1669. IN THE MATTER OF AUDREY JOHNSON (four cases).

(621 SE2d 412)

Per curiam.

These disciplinary matters are before the Court pursuant to four Notices of Discipline filed by the State Bar of Georgia alleging that Audrey Johnson, who was admitted to the State Bar in 1987, violated Rules 1.1, 1.2, 1.3, 1.4, 1.16 (d), 3.2, 8.4 (a) (4) and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.1, 1.2, 1.3 or 8.4 (a) (4) is disbarment, while the maximum sanction for a single violation of Rule 1.4, 1.16, 3.2 or 9.3 is a public reprimand.

In Case No. S05Y1666, the Investigative Panel found probable cause to believe that a client retained Johnson to domesticate a child support order; that in January 2004, the trial court orally granted the domestication and directed Johnson to draft the order for his signature; that despite numerous calls and letters from her client and the trial court, Johnson failed to submit a draft order; that in June 2004, the trial court drafted and filed its own order granting the domestication; and that Johnson, in August 2004 (after receiving the underlying grievance), contacted her client via electronic mail and asked her to execute an affidavit stating that the affidavit was needed to attach to the domestication order. By then, the domestication order had already been entered and filed by the court. Based on those facts, the State Bar alleges that Johnson violated Rules 1.1, 1.3 and 1.4 of Bar Rule 4-102 (d).

In Case No. S05Y1667, the Investigative Panel found probable cause to believe that a client retained Johnson in December 2003 to represent her in a personal injury matter; that despite the client's numerous attempts, she has not been able to communicate with Johnson; that the client terminated the representation in August 2004 and filed a grievance; and that although Johnson acknowledged service of the Notice of Investigation in January 2005, she has failed to submit a sworn, written response as required by Bar Rule 4-204.3. Based on those facts, the State Bar alleges that Johnson violated Rules 1.3, 1.4, 1.16 and 9.3 of Bar Rule 4-102 (d).

In Case No. S05Y1668, the Investigative Panel found probable cause to believe that a client retained Johnson in November 2001 to represent her in modifying visitation rights; that the client paid Johnson $1,100 for her services; that Johnson filed a petition for modification on June 23, 2002 and opposing counsel responded; that the case was dismissed for want of prosecution in September 2003; that Johnson did not inform her client of the dismissal; that the client filed a grievance in April 2004; and that although Johnson acknowledged service of the Notice of Investigation in January 2005, she has

failed to submit a sworn written response as required by Bar Rule 4-204.3. Based on those facts, the State Bar alleges that Johnson violated Rules 1.3, 1.4, 3.2, 8.4 and 9.3 of Bar Rule 4-102 (d).

In Case No. S05Y1669, the Investigative Panel found probable cause to believe that a client retained Johnson in February 2002 to represent her in a probate matter; that the client paid Johnson $750 for her services; that Johnson advised the client that she could interplead in the matter of her husband's estate; that Johnson failed to timely respond to discovery and failed to file any pleadings relating to the matter; that the client contends that she lost her home, her car and $120,000 due to Johnson's inaction; that the client filed a grievance in November 2004; and that, although the Notice of Investigation was personally served on Johnson in May 2005, she has failed to submit a sworn written response as required by Bar Rule 4-204.3. Based on those facts, the State Bar alleges that Johnson violated Rules 1.1, 1.2, 1.3, 1.4, 1.16, 3.2 and 9.3 of Bar Rule 4-102 (d).

The Investigative Panel properly served Johnson with Notices of Discipline recommending that she be disbarred and, as Johnson has failed to reject those Notices pursuant to Bar Rule 4-208.1 (b), these matters are now ripe for review by this Court. We have reviewed the files in each of these matters and find that with the exception of the alleged violation of Rule 1.1 in Case No. S05Y1666 and Rule 8.4 in Case No. S05Y1668, the records support the conclusions that Johnson committed the violations as alleged by the State Bar. In aggravation of punishment, we find that the fact that multiple disciplinary matters are being pursued against Johnson simultaneously evidences a pattern and practice of wrongful behavior on Johnson's part. Thus, we believe that the circumstances of this case warrant disbarment. Accordingly, we hereby order that the name of Audrey Johnson be removed from the rolls of persons entitled to practice law in the State of Georgia. Johnson is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 24, 2005.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.